**FILED**
**Oct 02, 2023**
**08:34 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Jennifer Carlson,** | ) | **Docket No. 2022-06-1626** |
| **Employee,** | ) | |
| **v.** | ) | |
| **First Call Temporary Services,** | ) | **State File No. 46642-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **Zurich American Insurance Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

Jennifer Carlson requested an evidentiary hearing on whether she is entitled to additional benefits for an alleged hip injury she suffered while working for First Call Temporary Services. First Call argued that the injury did not arise primarily out of employment. After an expedited hearing on September 27, 2023, the Court finds her expert's opinion on causation is speculative. Therefore, at this time, Ms. Carlson is not entitled to the requested benefits.

### Claim History

Ms. Carlson alleged that she was injured working for First Call on June 30, 2022. Her affidavit states that after picking an order, she "felt pain in [her] lower back, left hip/groin area and lower abdomen."[1]

First Call offered a panel, and she chose Dr. Wayne Moore. Dr. Moore saw her four times in July. The diagnoses varied throughout several visits, but notably he found low back pain, a sprain of the lumbar spine and pelvis, pelvic and perineal pain, and abdominal pain. Dr. Moore's treatment focused on Ms. Carlson's low back symptoms.

---

[1] The parties previously disputed whether the alleged groin injury resulted in a hernia, but Ms. Carlson said she was not pursuing benefits at this hearing for that injury/condition.

On July 28, Dr. Moore ordered a CT scan of the pelvis and abdomen and wrote that she should return to see him in a week. However, the scan results showed no acute abnormalities. In an August 5 work status note, Dr. Moore wrote that he treated Ms. Carlson for "back pain." He advised her to see her primary care physician. Authorized treatment ceased at that point.

Ms. Carlson then treated on her own with an orthopedist beginning in April 2023. She reported hip pain from a work incident, and an MRI revealed a torn labrum. Dr. Christopher Jones noted on May 2, 2023, that he believed "her hip pain is possibly directly related to her work injury [one] year ago. She had no pain in the hip previously, and MRI was never obtained during her initial workup[.]" A later note read, " I discussed with her that its [sic] likely her work injury [that] caused her labral tear and resultant pain." Dr. Jones performed arthroscopic surgery in June and recommended physical therapy afterward. Ms. Carlson has participated in therapy but has now exhausted the available insurance benefits and cannot complete therapy or return for additional treatment.

In a previous order, and relevant to Ms. Carson's current requested relief, the Court deemed admitted the following facts: Ms. Carlson suffered from chronic hip pain before June 30, 2022; she did not experience a sudden onset of pain in her hips on that date; and she cannot state with certainty when her alleged hip pain began.

## Findings of Fact and Conclusions of Law

At the close of proof, First Call moved for an involuntary dismissal of the request for expedited hearing under Rule 42.01 of the Tennessee Rules of Civil Procedure. The Court took the motion under advisement but now grants it.

In *Garcia Carillo v. Sanchez Hurtado,* 2023 TN Wrk. Comp. App. Bd. LEXIS 40, at *9-10 (Aug. 16, 2023), the Appeals Board explained involuntary dismissals at this stage of the case. The Board wrote, "[I]in the context of an expedited hearing in which an employee seeks an interlocutory order compelling the provision of certain benefits, a defendant in the case can, at the close of the employee's proof, seek a ruling from the court as to whether the employee's evidence fails to support an interlocutory order for benefits." If the motion is granted, the trial court may deny the request for benefits. *Id.* at *10. This is a dismissal of the employee's requested benefits, not a dismissal of the employee's claim as a whole. The trial court must determine whether the employee offered sufficient evidence to show she is likely to prevail at a hearing on the merits. *Id.*

Here, Ms. Carlson offered Dr. Jones's causation opinion to support her request. He wrote, "I feel that her hip pain is *possibly directly* related to her work injury [one] year ago. She had no pain in the hip previously, and MRI was never obtained during her initial workup[.]" (Emphasis added).

That opinion falls short of what the Workers' Compensation Law requires to prove an "injury." To prevail at trial, Ms. Carlson must show that her alleged injury arose primarily out of and in the course and scope of her employment. She must show to a reasonable degree of medical certainty that a work incident contributed more than fifty percent in causing her need for medical treatment. Tenn. Code Ann. § 50-6-102(12)(A)-(C). In addition, and importantly, subdivision (D) clarifies, "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, *as opposed to speculation or possibility."* *Id.* at -102(12)(D) (Emphasis added).

The Court finds that Dr. Jones's use of the language "possibly directly related to her work injury" conveys impermissible speculation and possibility. Moreover, he wrote that she had no previous hip pain, which conflicts with Ms. Carlson's admission that she suffered from chronic hip pain before June 30, 2022. Therefore, the Court cannot find that Dr. Jones considered all causes. Ms. Carlson has not satisfied her burden on this record. The Court holds Ms. Carlson is not likely to prevail at a hearing on the merits that her hip condition arose primarily out of and in the course and scope of employment, so involuntary dismissal of her hearing request is appropriate.

Ms. Carlson may obtain additional evidence and renew her request at a later hearing.

IT IS ORDERED AS FOLLOWS:

1. Ms. Carlson's requests for additional medical and temporary disability benefits are denied at this time.

2. A status hearing is set for **November 20, 2023, at 1:30 p.m. Central Time.** The parties must dial (615) 532-9552 or (866) 943-0025 to participate.

**ENTERED October 2, 2023.**

_Kenneth M. Switzer_____
**JUDGE KENNENTH M. SWITZER**
**Court of Workers' Compensation Claims**

# APPENDIX

Technical record:
1. Petition for Benefit Determination
2. Motion to Withdraw
3. Order Granting Motion to Withdraw
4. Mileage reimbursement request
5. Status Hearing Order, November 1, 2022
6. Status Hearing Order, December 20, 2022
7. Dispute Certification Notice, and the Parties' list of issues
8. Request for Scheduling Hearing
9. Status Hearing Order, January 18, 2023
10. Employer's Witness and Exhibit List, February 6, 2023
11. Employer's Brief, February 6, 2023
12. Request for continuance, February 20, 2023
13. Notice of Settlement, February 22, 2023
14. Order Setting Status Hearing
15. Order Resetting Status Hearing, April 25, 2023
16. Hearing Request (Declaration is not notarized, so it's argument not sworn testimony)
17. Order Setting Expedited Hearing
18. Employer's Motion to Deem Requests Admitted
19. Employer's Witness and Exhibit List for Expedited Hearing, September 12, 2023
20. Employer's Pre-Hearing Statement, September 12, 2023
21. Order Deeming Requests for Admissions as Admitted

Evidence:
1. Ms. Carlson's Declaration
2. C-42 Choice of Physician form
3. Wage statement
4. Dr. Moore C-32
5. Composite medical records
6. Dr. Moore's causation letters

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 2, 2023.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Jennifer Carlson, employee | | X | X | 101 Portland Courtyard Dr. Apt. 145 Portland TN 37148 Carlson703@gmail.com |
| Allen Grant, Benjamin Norris, employer's attorneys | | | X | agrant@eraclides.com bnorris@eraclides.com |

_____/Penny Shrum/_____

**PENNY SHRUM**
**Clerk, Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*